Filed 7/22/16  P. v. Trombly CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065508 |
| v. | (Super.Ct.No. RIF149420) |
| AMBER LYNN TROMBLY, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge.

Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant Amber Lynn Trombly was charged by felony complaint with six counts of receiving stolen property (Pen. Code,[1] § 496, subd. (a), counts 1-6), forgery (§ 470, subd. (d), count 7), and misdemeanor identity theft (§ 530.5, subd. (c)(1), count 8). The complaint also alleged that defendant committed certain counts while she was released from custody on another offense. (§ 12022.1.) Pursuant to a plea agreement, defendant pled guilty to counts 1 and 8 and admitted the section 12022.1 enhancement. In exchange, the trial court dismissed the remaining counts and allegations with a *Harvey*[2] waiver, and it sentenced her to four years in state prison. Defendant subsequently filed a petition for resentencing pursuant to section 1170.18, which the court denied. Defendant filed a notice of appeal and a request for certificate of probable cause, which the court also denied. She then filed an amended notice of appeal, challenging the denial of the petition for resentencing. We affirm.

PROCEDURAL BACKGROUND

On June 10, 2009, defendant entered a plea agreement and pled guilty to receiving stolen property (checks of Encore Orthopedics of Southern California) (§ 496, subd. (a), count 1) and misdemeanor identity theft. (§ 530.5, subd. (c)(1).) She also admitted that she committed count 1 while she was released from custody on another offense.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

2

(§ 12022.1.)  The court sentenced her to four years in state prison, in accordance with the plea agreement.

On August 12, 2015, defendant filed a petition for resentencing, pursuant to Proposition 47 (effective November 5, 2014).  (§ 1170.18.)  The petition stated that she believed the value of the checks did not exceed $950.  "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants.  These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.)  "Proposition 47 also created a new resentencing provision:  section 1170.18.  Under section 1170.18, a person 'currently serving' a felony sentence for an offense that is now a misdemeanor under Proposition 47, may petition for a recall of that sentence and request resentencing in accordance with the statutes that were added or amended by Proposition 47."  (*Id*. at p. 1092.)

On January 21, 2016, the court found that defendant was statutorily ineligible for relief because one stolen check alone was for $1,761.  The court denied the petition.

DISCUSSION

Defendant appealed and, upon his request, this court appointed counsel to represent him.  Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case and no potential arguable issues.  Counsel has also requested this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
Acting P. J.

We concur:

CODRINGTON
J.

SLOUGH
J.

4